### THE TOWN OF HANCOCK *versus* THE TOWN OF HAMPSTEAD.

Before the statute of January, A. D., 1796, a legitimate child, who was more than seven years old, and whose father was dead, could, by a year's residence in a town, acquire a settlement in its own right. His settlement was not affected by having a guardian; nor was he within the proviso of the statute as to "education," if hired to labour under a parole contract.

THIS was an action of assumpsit, for relief furnished to the wife and children of *H. P. Wadleigh.* The cause was tried here upon the general issue, at the last April term.

It was proved that in A. D., 1787, the father of *H. P. Wadleigh,* having a settlement in *Hampstead,* died, and that the son was then ten years old. For the six ensuing years *H. P. Wadleigh* continued to reside in *Hampstead,* with his guardian. But in A. D., 1793, by the consent of the guardian, though without any indentures, he removed to *Sutton,* and there continued till twenty-one years old, to labour on a farm with his brother. A verdict was taken for the plaintiffs, subject to be set aside or affirmed, as the court might think that *H. P. Wadleigh,* upon the facts, had a settlement in *Sutton* or *Hampstead.*

*J. Walker* for the plaintiffs.

*Noyes* and *J. Smith* for the defendants.

WOODBURY, J. delivered the opinion of the court.

Our decision in *Nottingham* vs. *Bow* supersedes an enquiry into some of the points presented by this case. *H. P. Wadleigh*, when living in *Sutton*, was more than 7 years old, and therefore able to gain a settlement in his own right(1.)  It has always been held, in the English books, that a child, after the above age, whether legitimate or illegitimate, may either by service or apprenticeship acquire a new settlement.—*D. & E.* 116, *King* vs. *Inh. of Off Church.* —*Burns Jus.* 311, (11*th ed.*)

The contests there have been, whether the child, when not having gained a settlement in its own right, follows the new settlement obtained by its parents(2).  But it is unnecessary to state what would be our opinion had the father of *Wadleigh* been living when the son resided in *Sutton.* For he, having been dead some years, the son was released from parental controul.  'Tis true, he had a guardian; but a guardian, though in *loco parentis* as to a few purposes, has no absolute controul over the person or services of the ward, unless the ward be a lunatick.  Nor is there any obligation on the part of either to support the other.  A guardian may be appointed during the life of the parents ;(3) but it was never suggested that the child's settlement would thus be affected.  Nor is it material whether the ward can in common cases be removed from the guardian ; for a person's being irremovable will not prevent him from getting a settlement under our statutes, if he is emancipated and not warned out within a year, nor embraced within some part of the proviso(4.)  *H. P. Wadleigh*, however, was not warned out of *Sutton*, nor was he within any part of the proviso, unless sent there " for education"(5.)  But he did not go to school—nor was he bound by indentures to a trade. It is not necessary to decide whether working in the employment of husbandry would in any case come within the above exception ; because it is well settled, in relation to the other point, that a binding out is invalid for the purpose of gaining

(1) 3 *Burns, J.* 308, " *Poor settlement with Parents.*" *Str.* 831.

(2) 3 *D. & E.* 116. *Burns, J. Sup. Str.* 580.— 2 *Ld. R.* 1332.— 2 *Salk.* 528.—3 *do.* 259.—*Burr. S. C.* 451.

(3) *Bac. Abr., Guard. A.*

(4) 7 *M. R.* 3.

(5) *Nottingham* vs. *Bow, ante.*

(6) *Lyndeboro'*
v.*Milford, Hills.*
1807.—3 *D.& E.*
353,*King*vs. *The*
*Inhab. of Edge-*
*worth :  5 Mod.*
328. —— *Burns*
*Jus. Poor Set.*
*Burr. S. C. No.*
94, 102, 104,173,
*&c.*

Hancock
*vs.*
Hampstead.

a settlement, unless the contract be in writing(6.)   The re-
son, too, for these decisions seems  satisfactory ; for without
such indentures the legal controul over the child's person is
not changed.

The paupers, therefore, are  settled in  *Sutton ;*  and the
verdict must be set aside.

*Let the plaintiffs become nonsuit.*