## STRAFFORD, SEPTEMBER TERM, 1826.

### TOWN OF TAMWORTH *vs.* TOWN OF NEW-MARKET.

An infant under the age of twenty-one years, not being emancipated, could not gain a settlement in a town by residence, under the statute of 5 Geo. I. cap. 37, nor under the statute of Feb. 15, 1791, sec. 7, although not warned to depart.
A child is not emancipated by going to reside with a stranger under a contract between the father of the child and the stranger, that he shall continue with the latter until he arrive at the age of twenty-one years.

ASSUMPSIT for the support of *Jonathan Robinson, jr.* a pauper, alleged to be settled in *New-Market.*

The cause was tried here, at September term, 1825, upon the general issue ; when it appeared, that the pauper was born in the year 1776, in the town of *New-Market,* where his father had a settlement ; that in the year 1783 the pauper went to live with a *Mr. Stevenson,* under an agreement made between the father of the pauper and *Stevenson,* that the pauper should live with the latter until he should arrive at the age of twenty-one years. In the year

1784, *Stevenson* removed to the town of *Tamworth*, and with him the pauper, who has ever since resided in that town; and he resided there in the family of *Stevenson* until he arrived at the age of twenty-one years.

A verdict was taken, by consent, for the plaintiff, subject to the opinion of the court upon the foregoing case.

*J. Bartlett*, for the plaintiffs.

*Mason* and *Sullivan*, for the defendants.

*By the court.*—In this case it is stated, that the pauper went under a contract made by his father to live with *Stevenson*. As nothing appears to the contrary, it is to be presumed, that the father is still living; and there is nothing stated in the case, from which it can be inferred, that the pauper was emancipated before he arrived at the age of twenty-one years. The question then to be decided is, whether an infant, having a father living, and not being emancipated, could gain a settlement by residence, under the Provincial act of *Geo. I cap.* 87, or under the statute of Feb. 15, 1791, *sec.* 7, without being warned to depart?

We are of opinion, that he could not. It is believed to have been always considered as settled in this state, that an infant, not emancipated, could gain no settlement by residence under those statutes. 1 *N. H. Rep.* 264, *Hancock vs. Hampstead.*—12 *Mass. Rep.* 383, *Somerset vs. Dighton.*

*Judgment for plaintiffs.*