### IN THE

## SUPERIOR COURT OF JUDICATURE,

#### FOR THE

## COUNTY OF MERRIMACK, FEBRUARY TERM,

### A. D. 1831.

---

### SALISBURY *versus* ORANGE.

At the common law, when a place is incorporated as a town, all the inhabitants of such place at the time, gain a settlement in the town by the act of incorporation.

A child, not emancipated, follows the settlement of the father, although not residing in the father's family, when he changes the place of his settlement.

A notice to a town that a pauper has become chargeable, may be directed to the selectmen generally without naming them, and may be served by giving a copy of the notice to the selectmen personally, or leaving it at their usual place of abode.

ASSUMPSIT for the support of Deliverance G. Hoit, a pauper, alleged to have her settlement in the town of Orange, from 14th September, 1827, to the 5th December, in the same year.

The case was tried here, at February term, 1830, upon the general issue, and a verdict taken for Salisbury, subject to the opinion of the court upon the following case.

The pauper, standing in need of relief and residing in Salisbury, was supported by the said town during the period mentioned in the declaration.

The notice given to the town of Orange, of the expendi-

tures by the town of Salisbury, for said support, was as follows :—

At the head of the notice was an account of a physician for various visits, and sundry medicines, for the pauper, between the 14th September, and the 28th November, 1827, amounting to $8,92. Then followed an account of B. O. Adams, for boarding the pauper from September 15th to December 5th, 1827, at eight shillings and sixpence per week, $16,38.

Then followed the notice.

" To the selectmen of Orange, &c. Gentlemen, the above is an accurate account of the expenses incurred, &c. for the relief of D. G. Hoit, a poor person, whose settlement is in Orange, and who was, from the 14th September last, to 5th December instant, in Salisbury, in need of relief and assistance. We therefore request, &c.

> J. S. } *Selectmen of*
> N. W. } *Salisbury.*

December 5, 1827."

The return upon the notice was as follows :—

" *Grafton, ss. Dec.* 10, 1827. I have notified the within mentioned town of Orange, by leaving at the house and usual place of abode of two of the selectmen, and town clerk of Orange, true and attested copies of this notice, with a true and attested copy of this return, &c.

> J. C. T., *D. Sheriff.*

Jonathan Hoit, the father of the pauper, was born in South Hampton, in 1744, and at the age of twenty-one went to Poplin, where he resided ten years. He then resided more than a year upon a gore of land between Danbury and Grafton, and then removed to Cardigan, now Orange, in the year 1781, where he resided until his death, in 1806. When he removed into Cardigan, that place was not incorporated as a town, but was incorporated by the name of Orange, on the 18th June, 1790. The pauper was born in the said Cardigan, in April,

1787, and when she was between two and three years old, was given to a relative by her parents, and went to live with that relative in Unity, in March, 1790, where she lived until February, 1795, when she went to live with another relative in Salisbury, in which place she resided until the year 1807. She never resided with her father after she went to Unity, as aforesaid.

*Fletcher*, for the defendants, contended, that the notice had not been legally served upon the town of Orange. The statute prescribes that the notice shall be served by leaving an attested copy with one, at least, of the selectmen. The return of the sheriff in this case states that he notified the town by leaving a copy at the house and usual place of abode of two of the selectmen. The statute requires that the notice be left with the selectmen personally, and a leaving of the notice at their usual places of abode is not sufficient.

The return of the officer, with respect to the notice, is defective. It ought to have stated the names of the selectmen with whom the notice was left.

The notice itself is, in this case, defective. It ought to have been directed to the selectmen by name. It is not enough to direct the notice to the selectmen without naming them.

He also contended that the case did not show, that the pauper was settled in Orange. She gained no settlement in that town in her own right. She has no settlement there, unless her father gained a settlement in that place by being there when it was incorporated, and communicated to the pauper a settlement.

But the father gained no settlement in Orange by being there when the town was incorporated, in 1790, because the statute, which gives a settlement to persons having their homes in a place when it is incorporated, was not passed till the year 1796.

If, however, the father gained a settlement in Orange,

the settlement of the father was not communicated to the pauper.

To derive the new settlement of the father or mother the child must, during the whole time required in gaining the settlement, be in the family or under the actual control of, and supported by, the parent. Strange, 831; 4 Mass. Rep. 493, *Springfield* v. *Wilbraham*; 3 Mass. Rep. 436, *Salem* v. *Andover*; 3 D. & E. 355, and 114; 11 East, 578, *The King* v. *The Inhabitants of Hardwick*; Lord Raymond, 1473; Strange, 438.

In this case the pauper was absent when her father gained a settlement in Orange, if he ever did gain one, and she was neither under his control nor supported by him at the time. It is, therefore, clear, that she was not in a situation to derive a settlement from her father, and of course she has no settlement in Orange.

*Wells*, for the defendant.

*By the court.* Jonathan Hoit, the father of the pauper, was an inhabitant of Orange at the time that place was first incorporated as a town, and gained a settlement there by the act of incorporation. 4 Mass. Rep. 452, *Bath* v. *Bowdoin*; 6 Mass. Rep. 445, *Buckfield* v. *Gorham*.

At the time Jonathan Hoit gained a settlement in Orange, the pauper was of the age of three years, but she had been given by her parents to a relative, with whom she at that time resided in another town, and never afterwards returned to reside in her father's family. If, under these circumstances, she can be considered as emancipated when her father became settled in Orange, her settlement did not follow that of her father, and she has now no settlement in Orange. But if she was at that time unemancipated, she acquired a settlement there with her father. The question then is, was she at that time emancipated? On this question there can be no doubt. It was in fact settled in the case of *Tamworth* v. *Newmarket*, 3 N. H. Rep. 472. There is no pretence that a parent can emancipate his children by giving them away. 2

Cowen, 537, *Niskayuna* v. *Albany* ; 3 D. & E. 353, *The King* v. *Edgworth* ; 3 D. & E. 355, and 114 ; 5 B. & A. 525, *The King* v. *Wilmington* ; 1 B. & C. 345 ; 6 D. & E. 247.

It is said, that a child does not follow the settlement of the parent unless the child and parent live together when the latter gains a settlement. This is true when the child is more than twenty-one years of age when the parent gains a settlement. But it is not true in the case of children under twenty-one years of age. This distinction is clearly established by the cases cited. It is clearly settled that a child, not emancipated, and under twenty-one years of age, follows the settlement of the parents whether they reside together or not.

But it is objected, that the notice given to the town of Orange was not in law sufficient. The first objection is, that the return of the officer does not show that copies were left with the selectmen, as directed by the statute, the words of which are, "And such notice shall be served, &c. by leaving an attested copy of such notice, with his return thereon, with one, at least, of the selectmen," &c. But we are of opinion, that giving copies to the selectmen personally, or leaving copies at their usual places of abode is a sufficient leaving, within the meaning of the statute, and we have no doubt that the return is sufficient in this respect.

Another objection to the return is, that it does not state the names of the selectmen, with whom the notice was left.

It has been decided, that a return upon a writ by an officer, that he has served the same " according to law," is not sufficient, because it is to be determined by the court, whether the writ has been served according to law, and to enable the court to make the determination, the facts must be stated, and what was done by the officer must be understood.

But in this case the notice was properly directed to

the selectmen of Orange, without naming them. It was the business of the officer to ascertain who were the selectmen. If he had stated their names, it would not have added any thing to the certainty of the return, for the court could not, by seeing their names, have seen that they were selectmen. And no good reason is seen why their names should have been stated. If the officer left copies with the selectmen, the notice which the statute requires was given. Now this return states expressly and directly, that notices were left with the selectmen.

And we are of opinion, that enough is stated in this return to show that a legal notice was given to the town of Orange.

*Judgment on the verdict.*