Per Curiam.

The proceedings whicli this writ of error is brought to reverse, were instituted at the suit of the inhabitants of Bowdoin, who demanded payment for supplies furnished to Mary HinJdey, a pauper, and also her removal to Bath, where they insisted that she was settled.
The only question before us upon this record is, whether the paiiper had a legal settlement in Bath. If she had, the judgment of the Court of Common Pleas is right, and must be affirmed ; if she had not her legal settlement in Bath, the judgment must be reversed.
The only facts which tend to show a settlement in Bath, are, that her father removed into that part of Georgetown which is now in Bath, in 1774, having a freehold estate there, and that he con tinned there until the latter part of February, 1781. Bath was incorporated into a town, by its present name, February 17, 1781.
If he acquired a legal settlement in Bath, it must have been gained either by habitancy, — but at that time habitancy did not give a settlement without a vote of the town, — or it must have been acquired by virtue of the incorporation of Bath. If the territory, of which the new town was composed, had before been an unincorporated place, the incorporation would ipso facto have given every one then inhabiting * there a legal settle- [ * 454 J ment. But such was not the case. That territory had before been part of an ancient town ; and every one legally settled in that place at the date'of the incorporation, must have been legally settled in Georgetown.
The case does not show a settlement of the pauper in Bath Whether she had a settlement in any other place, it is not necessary for us to inquire ; and if it was, the facts are incompetent to show it.

Judgment reversed

Memorandum. — At the last June term, at Wiscasset, Benjamin Hasey and Josiah Stebbins, Esquires, were appointed examiners of candidates for admission as counsellors and attorneys within the county of Lincoln.