Parsons, C. J.
[After a brief statement of the facts as reported by the judge.] From these facts it appears that Scipio was in 1770 the reputed slave of John Lummas, living with him in Ipswich, and in that part of it not included within the limits of Hamilton. Scipio was, therefore, once settled in Ipswich, his settlement being derived from his master’s. Before the incorporation of Hamilton, he had left Ipswich, and was considered as a freeman. Whether he had gained a new settlement with another master in Wenham, it is not material now to decide, as it is sufficiently clear that before the incorporation of Hamilton, he had removed *from Ipswich, [ * 678 ] *594 and was not then a slave of any person having his settlement in that town, and living in that part of it which afterwards formed Hamilton.
Upon the incorporation of Hamilton, which was before the statute of 1793, c. 34, if no provision had been made respecting the poor, all persons then living within the limits of Hamilton, being settled in the town of Ipswich, would have gained a new settlement in Hamilton, and no other persons, unless by a settlement derived from some person who thus acquired a new settlement.
Independent, then, of any provision in the incorporating act, Scipio had no settlement in Hamilton. But the act provides that Hamilton shall pay to Ipswich a certain sum of money, as a consideration of being exempted from any expense on account of any poor person belonging to the town of Ipswich previous to the incorporation, except such persons as might thereafter be returned as paupers from some other town, and who were born in, or formerly were inhabitants of, that part of Ipswich which now constitutes Hamilton; and that the plaintiffs might avail themselves of this provision, the report states that Scipio’s master J. Lummas before 1770, lived in that part of Ipswich afterwards within the limits of Hamilton, Scipio living with him as his slave.
Without this provision, Ipswich must have continued to be charged with all paupers settled there, in whatever part of the town they had dwelt, who inhabited elsewhere at the time of the incorporation, without having any claim on Hamilton for contribution. (1) The manifest intent of this provision is, that paupers settled in Ipswich, who lived elsewhere at the date of the act of incorporation, and were afterwards returned upon Ipsivich, should be at the charge of Hamilton, and this latter might be compelled to reimburse Ipswich for any expenses it might incur for their support, if such paupers, so returned upon Ipswich, were born or formerly inhabited within the limits of Hamilton.
The plaintiffs have argued that Scipio formerly inhabited within those limits. This is tru'e ; but before he left Ipswich, [ * 679 ] * he had removed to, and inhabited within another part of Ipswich, without those limits ; from which last part he removed when he left the town. And to give the statute a reasonable construction, we are satisfied that the paupers returned to Ipswich, and not born in Hamilton, for whose support Hamilton must pay, are those paupers who, when they removed to other towns, removed from that part of Ipsivich which is now Hamilton; and not any paupers who might once live in Hamilton, not being born there, *595 but, before they dwelt in another town, removed and lived in Ipswich, whence they, in fact, emigrated. Thus, in a subsequent statute of 1793, c. 34, introducing a new law on the division of towns, and providing that a pauper, having removed elsewhere at the time of the division, shall have his settlement in that town, in which his former dwelling-place shall happen to fall, the dwelling-place must mean that from which he removed.
We are, therefore, of opinion that Hamilton is not obliged to maintain Scipio. But it may be added that if, on the plaintiff’s construction, Scipio was a charge upon Hamilton, because he once lived there, yet the suit ought to have been brought against Ipswich, where his settlement was, who might compel Hamilton to reimburse them. For the act, in exempting Hamilton from expense on account of paupers who might be returned to Ipswich, not having been born nor having formerly lived in Hamilton, by a reasonable construction makes Hamilton chargeable to Ipswich for expenses incurred on account of the paupers returned, who were born in, or who had formerly lived in, Hamilton, and consequently does not alter the settlement of any of the paupers not inhabitants at the time of the incorporation.
If Rose’s settlement is in Hamilton, it is admitted that it is derived from her husband Scipio ; but as he is not settled there, so neither is his wife, Rose.
Whether Scipio’s settlement remains in Ipswich, or whether he gained a new settlement by the supposed sale in Wenham, we do not now determine ; as neither Ipswich nor Wenham is before us.
Let judgment be entered upon the verdict.

 Ante, 384.