Parsons, C. J.,
delivered the opinion of the Court.
The inhabitants of Buckfield have sued this writ of error to obtain a reversal of the judgment complained of, pursuant to the statute of 1793, c. 59, which gives this writ, and which authorizes this Court, if the judgment below be erroneous, to render such judgment as the Common Pleas ought to have given, with costs for the party prevailing. Three objections are made to the judgment.
*365 The place of the pauper’s settlement is the subject of the first objection. As John Irish, the husband of the pauper, was an inhabitant of the plantation of Gorham, when, in 1764, it was incorporated and made the town of Gorham, he, with all the other inhabitants of the plantation, became, on the incorporation, settled in Gorham; and unless he afterwards gained a new settlement, his widow’s settlement must be in that town. The husband and wife were, in 1793, inhabitants of the plantation of Buckstoum, when it was incorporated and made the town of Buckfield: therefore, on the same principle on which he was once settled in Gorham, he then lost that settlement by acquiring a new settlement in Buckfield It is not stated that after the incorporation of Buckfield, either the man or his wife ever lived in Gorham. This latter town, therefore, was not the last settlement of the husband, or of his widow, the pauper ; and judgment was correctly rendered against Buckfield.
The second objection is, that costs are awarded against the plaintiffs in error, who were not parties. It is true that at the commencement of the record it is recited, that the overseers of the poor of Buckfield are the complainants ; *but the [*447 ] overseers are not a corporation, like the church-wardens of a parish in England. They are the mere agents of the town by whom they are chosen, and, as such, could only prefer this complaint. When, therefore, the overseers complain, it is the complaint of the town by the overseers. Certainly it might have been more technically regular to state, that the inhabitants of the town complained by their overseers. But when we look farther into the record, we find the inhabitants of Buckfield recognize themselves to be parties to the complaint; for when the inhabitants of Gorham, in bar of the complaint, plead that the settlement of the pauper is not in that town, the replication is by the inhabitants of Buckfield, who aver her settlement to be as alleged in the complaint, and pray their damages and costs. This irregularity, therefore, if any, being merely formal, and occasioned by the inaccuracy of the complaint, is not an error, for which the judgment ought to be reversed.
The third objection we consider as mere form, because this judgment, as it now stands, could not avail any other town prosecuted by Buckfield, as the last settlement of the pauper. And were we to reverse the judgment on this ground, we should immediately enter a new judgment, that the settlement of the pauper is not in Gorham; and we should award costs for that town, as the merits of the case are with Gorham, who has prevailed in this suit. But the same effect is substantially produced by the judgment in its present form. The informality, therefore, on which this objection *366 is rested, is not error, on which the judgment, substantially right, can be reversed.
Mellen for the plaintiffs in error.
Hopkins for the defendants in error.
Let the judgment be affirmed, with costs for the defendants in °rror.