Sewall, J.
It is unnecessary to decide whether the settlement of Amy Jeffrey, the pauper for whose support this action is brought, is derivative, or in her own right; for, in either case, her settlement was originally in Dartmouth.
If the pauper, when New Bedford was incorporated, had her residence in that part of Dartmouth, the act of incorporation, which contains no special provision respecting paupers, must have operated to change her place of settlement to New Bedford. Previous to the incorporation of New Bedford, there was no change of settlement, by the change of residence of any person residing within the precincts of the town of Dartmouth. Upon that event, all persons then having their legal settlement in Dartmouth, who actually dwelt and had their homes within the limits of the new town or district, gained, by force of the act of incorporation, a legal settlement in the new town or district.
An act to incorporate, as a new town or district, a territory, with the inhabitants thereon, which are separated and set off from one or more ancient towns or districts, operated in this respect like the original incorporation of a plantation. All the inhabitants of a territory gained a legal settlement, as well before the general statute respecting settlements as since, in the newly-incorporated district or town; and that corporation became liable for their support and maintenance.
On the other hand, if Amy Jeffrey had changed her residence from the part incorporated as New Bedford, at the time [ * 343 ] of the incorporation, but continued to reside within * the limits of Dartmouth when Westport was incorporated, then that might have been her place of settlement. For if, at the incorporation of Westport, her residence was on that territory, or even if that had previously been her place of residence, and she was, at the time of the incorporation, removed and resident in some other place than Dartmouth, then Westport is liable for her support, and has no right of action against either Dartmouth or New Bedford; the act incorporating Westport containing a particular provision to this effect.
But there is no proof, nor any fact agreed, from which the residence of the pauper, at the date of the incorporation of New Bed-ford, or of that of Westport, can be ascertained. And it seems to be a necessary result, in this view of the case, and upon the authority of the decision in the case of Windham vs. Portland, (1) that the settlement of the pauper must be understood to have continued in Dartmouth, there being no evidence upon which any other deter *341 mination can be made. If not resident either in New Bedford or Westport when those places were incorporated, then Dartmouth continued her place of settlement. Judgment is, then, to be entered for the plaintiffs upon the default of the defendants, according to the agreement of the parties, (a)

Defendants defaulted.

ADDITIONAL NOTE.
[See Bridgewater vs. W. Bridgewater, 9 Pick. 55.
An act incorporating part of a town, A, into a new one, B, provided that any person who had gained an inhabitancy within the limits of B, and should afterwards need support, should be supported by B. Held, a pauper, who had gained a settlement on the territory of A, but removed to B before its incorporation, retained settlement in A.—New Braintree vs. Boylston, 24 Pick. 164. — F. H.]

40-9"> 4 Mass. Rep. 384. — See also West Springfield vs Granville, Ibid. 487

 [Vide Inhab. Brewster vs. Inhab. Harwick, 4 Mass. Rep. 278.— Bath vs. Bowdoin, 4 Mass. Rep. 452. — Salem vs. Hamilton, 4 Mass. Rep. 676 — Springfield vs. Granville, 4 Mass. Rep. 486.— Great Barrington vs. Lancaster, 14 Mass. Rep. 253.— Norton vs. Mansfield, 16 Mass Rep. 48. — Groton vs. Shirley, 7 Mass. Rep. 156.— Westborough vs. Franklin, 15 Mass. Rep. 254. — Fitzburgh vs. Westminster, 1 Pick. 144. — Hallowell vs. Bowdvinham, 1 Greenl. 129. — Mason vs. Alexandria, 3 N. H. R. 303. — New Chester vs. Bristol, N. H. R. 71.— Sed vide Vernon vs. East Hartford, 3 Conn. Rep. 475. — Mansfield vs. Granby, 1 Root, 179.—North Whitehall vs. South Whitehall, 3 Serg. & Rawle, 120. — Overseers of Washington vs. Overseers of Stamford, 3 Johns. Rep. 193. — Overseers of Norwich vs. Overseers of New Berlin, 18 Johns. 382. — Ed.]