NEW YORK,
October, 1816.

MILLER *against* STARKS.

MILLER
v.
STARKS.

IN ERROR, on *certiorari* to a justice's court.

The defendant in error brought an action against the plaintiff in error in the court below, which was commenced by warrant, the plaintiff below having first given the security required from non-residents. At the return of the warrant, the defendant below alleged that the plaintiff was not a non-resident, and not entitled to have a warrant; but no plea in abatement was regularly put in, and the plaintiff was sworn at the particular request of the defendant, as to his evidence, and the objection was there overruled. Issue was joined between the parties, the defendant giving notice of a set-off of a book account, and of a judgment recovered by him against the plaintiff, before another justice. The plaintiff having proved his demand, the defendant offered to set off the book account, to which the plaintiff objected, on the ground that the defendant had taken out an attachment under the twenty-five dollar act, and had taken his goods under it, which were then in possession of a constable, and that judgment had been given against the plaintiff below; and offered the testimony of the justice before whom it was obtained, which was objected to, but admitted. The defendant, however, afterwards, himself produced the proceedings and judgment, and offered the judgment as a set-off, but it was rejected by the justice, and a verdict and judgment were given for the defendant in error.

Where an attachment has been issued under the twenty-five dollar act, and judgment obtained thereon, and afterwards the defendant in that attachment brings an action against the plaintiff, the latter cannot set off such judgment, it being presumed to have been satisfied by the property taken under the attachment.

Where improper testimony is produced by one of the parties, and admitted, and afterwards legal testimony of the same fact is produced by the opposite party, the error is cured.

If one of the parties in a suit is sworn and examined, at the request of the other party, the latter cannot afterwards object to it.

*Per Curiam.* The only question worthy of notice in this case is, that which relates to the offer on the part of the defendant, to set off the judgment which he had obtained against the plaintiff. This judgment would have been a good set-off had not the plaintiff's goods and chattels been taken under the attachment, and were then remaining in the custody of the law, for the purpose of satisfying the judgment; and, if so, the judgment, so far as respects the liability of the plaintiff, was satisfied. The constable, upon the attachment, is required to take, and safely keep, the property, to satisfy the judgment; and to allow this judgment to be set off under such circumstances, would be making the plaintiff twice responsible for the same demand. The

set-off was, therefore, properly rejected. The admission of parol proof of the proceedings on the attachment was improper, but this was cured by the subsequent introduction of the certified copy of the proceedings, by the defendant himself. The defendant cannot object to the plaintiff's having been sworn as a witness, as it was done at his particular request. The judgment must, accordingly, be affirmed.

Judgment affirmed.