Parker, C. J.
The pauper’s derivative settlement under his great-grandfather was in Norton, he having acquired none himself, nor his grandfather, or father before him. He gained no settlement in Mansfield, by virtue of the incorporation of that part of Norton into a district, in the year 1770. If he was then born, he was not an inhabitant at the time ; nor had any of his ancestors lived within the limits of that district, except his great-grandfather, who had removed therefrom before the incorporation.
* If the plaintiffs can recover, it must be in virtue of [ *51 J the agreement between them and the defendants. The case undoubtedly falls within the terms of that agreement; one provision of which is, that the poor, which should thereafter come or be sent back, should be supported by Norton or Mansfield, accord ing to the residence of the pauper within one or the other of those places. And within the equity and fair intent of the agreement, if the plaintiffs wer.e obliged to pay any other town for the support of paupers, which, according to the terms thereof, should be supported by the defendants, an equitable and legal ground of action would be afforded for their reimbursement.
But this agreement is no otherwise binding, than as it is conformable to the obligations and liabilities of these several corporations, .as settled by the act for the incorporation of Mansfield. For it ought to be presumed, that whatever terms of separation were established by that act, were the result of an agreement between them at the time; or at least determined by the legislature to be just and equi *44 table. Now, the act only provides that Mansfield shall be chargeable with its proportion of the poor, then, viz. at the passing of the act, relieved by the town of Norton.
It was not in the power of the inhabitants of either town, by a vote, to charge the respective inhabitants, beyond this legislative provision. Notwithstanding, therefore, the committees of the two corporations agreed upon this probably equitable distribution, and not withstanding the corporations themselves sanctioned this agreement, we apprehend it is not binding] because Mansfield was under no legal obligation on account of any poor, but those who, by virtue of the incorporating act, acquired a settlement in that district, and their proportion of such as, at the time of passing the act, were supported by the town of Norton.
[ *52 ] * The promise was then without consideration; and it is not in the power of any corporation to bind the estates of its members, except where they have authority by law for so doing (2).

Plaintiffs nonsuit.

 [Brewster vs. Harwich, 4 Mass. 278. —Windham vs. Portland, 4 Mass. 384. -Bath vs. Bowdoin, 4 Mass. 452. —Salem vs. Hamilton, 4 Mass. 676. —Springfield vs. Granville, 4 Mass. 486. —Westport vs. Dartmouth, 10 Mass. 341. —Barrington vs. Lancaster, 14 Mass. 253. -Middleborough vs. Clark, 2 Pick. 28.—Walpole vs. Hopkinton, 4 Pick 357. —Ed.]