OPINION OF
CHIEF JUSTICE TURNER.
All the errors assigned in this ease, except one, are deemed unsuslava-áble, and indeed were not relied on by the counsel of the plaintiff in error^ in their second argument. The error mostly relied on by them, is presented in the following part of the bill of exceptions, to wit, “ that on the trial of said indictment, S. D. Roberts was called and tendered by the state, to the prisoner, as a juror, and the prisoner requested the said Roberts to be sworn to answer questions. The court then asked the said Roberts whether he had formed and expressed an opinion as to the guilt or innocence of the prisoner? And he answered that he had. The court then asked him whether he had formed his opinion from rumor, or from statements of the witnesses? He stated that his opinion was formed from common report. The Court then asked him, if he had formed an opinion as to the truth of said report? He said he had not, and stated that if the evidence turned out as it had been represeuted to him, he thought the prisoner guilty. The court then permitted the said Roberts to be sworn in chief, to which opinion the counsel for the defendant «excepts.”
The first thing which strikes my mind, on reading this exception is that the court allowed the juror to be sworn to answer questions, before he was challenged. It is a settled rule, that neither party has a right to interrogate a juror, before he is challenged.
The form of doing this, is laid down in I Chitty’s Crim. Law, p. 546, and in Burr’s trial, the chief justice said, “ unless the challenge is made, it will be improper to draw out any expressions from the juror;” and further, that the court must undoubtedly direct fije same mode of challenge *319 on the part of the U. S. as on the part of the prisoner,” pages 70,71 and 72, of vol. 2, by Carpenter. But, as the court below treated this as a challenge, we will waive the informality, and proceed to consider the substance of the matter, as if the challenge had bben made by the prisoner.
Both the American and the English law declare that the accused shall have an impartial trial; that “thejurors should stand indifferent as they stand unsworn.” It is certainly desirable that the accused have a jury composed of men wholly free from prejudice or bias for or against him. How this matter really is, in practice, we all know, who know any thing of trials and prosecutions for public offences in our country. The accused must be tried in the county where the offence is alledged to have been committed; he is entitled to a jury of the vicinage. When a crime is committed, and more especially when one is accused thereof, when arrested and taken before the examining magistrate, whether the accused be bound over to court or discharged, the affair excites public attention; the people take an interest, in the case; they cannot help listening to reports, and willindulgein conversation about the case; and in our free country, they will express opinions among each other. They think they have a constitutional right to do so; and men often express opinions, in such cases, on hearing one story, and change them on hearing another story; and finally, after having formed and expressed opinions pro and con. when they come to" cburt, witness the trial, hear the evidence, the arguments of counsel and the opinions of the judge, they will forget, or. abandon their pre-conceived opinions, and decide impartially, between the accused and the state. Men are more likely to act thus in our country than in England, where the judges declared it a misdemeanor, for a man to pre-judge another’s cause.
Hence, some decisions, recited in Hawkins and repeated in more modern days, that the formation of such loose, out of door opinions, will not disqualify, unless they are formed maliciously, and hence the remarks of Ch, J. Marshall as reported in Burr’s trial, that “ this general principle of law, is, that a juror whose mind is prepared to go upon the case to receive his convictions of the guilt or innocence of the accused from the testimony, and that only, is the only proper person to be called an impartial juror. But, a different character, the law cannot trust. It *320 apprehends danger from the result; and therefore declares him not to be fit to stand between the accused and the country. This is the general view which courts have had, with respect to qualification, that where a man has formed and expressed an opinion upon the case itself, upon a view of the whole case, he is not esteemed an impartial juror: but where a man has formed an opinion upon only part of a case, from testimony, such as he has seen or heard, or where the impression made, is extremely slight, it merits a different treatment. The court has not said nor will it say, that slight impressions should disqualify, &c. p. 63, 4. — Again, in page 66, the Ch. Justice said, “ Now here is one of these jurors, who has said that if the public rumor was true, the prisoner was guilty. Now the court thought this man a good juror, because he had left his mind open to conviction,” &c. and he draws a distinction between an active and a passive opinion. The one excludes; the other does not.
Hence also, in England the court will not allow the juror to be asked whether or not he has formed and expressed an opinion; but if the prisoner challenges on that ground, he must adduce his proofs to the court to sustain his objection. See State Trials, Hawkins, Chitty, &c.
Our courts however, do not consider this a misdemeanor; and do allow the jnvor to be examined on oath, to ascertain the state of his mind by this sort of evidence, as well as by the evidence of others.
The object of this investigation is to ascertain the state of the juror’s mind; not whether he has heard of the case; heard rumors; heard the evidence,formed loose opinions and expressed them; but to ascertain whether the juror stands without malice, settled hate, or fixed active prejudice against the accused; and whether he is a man who can be trusted to give a true verdict, according to the evidence. To do this, the juror may, after being challenged, be examined on oath, and if he shews clearly on his examination, that he is prejudiced either for or against the accused, the court should sustain the challenge. If it does not so appear on his examination, witnesses may be called and examined to ascertain the fact and if the challenge is not sustained by the court, and the prisoner shall claim a different mode of enquiry, triers may be sworn to say on oath, whether the juror stands indifferent or not; 6 Cowan, 557, or the juror may be examined before the triers, and the prisoner may call and exam *321 ine his witnesses before them'; and when they decide their decision is final.
On this occasion the prisoner appears to have been almost passive; he exercised but a small portion of his privileges. It is expected that the accused will at least attempt to protect his own rights in every stage of the cause, and if he neglects to do so, it may be fatal to him. After the questions which were put in this case had been answered, the jurors’partiality or prejudice, not clearly appearing, the prisoner might have requested triers to be called, or he might have requested the court to let the juror stand aside for the present, to ascertain whether a full jury could not have been made up without him; or he might have challenged peremptorily. He did neither, and the record states that the court permitted the juror to be sworn, because the judge was not convinced that the juror was incompetent.
I am not satisfied, by what is stated in the bill of exceptions, that the juror was incompetent. I think it at least doubtful. But, I consider, that in so important a case, the judge should have directed the juror to stand aside for the present, until it could have been ascertained whether a full jury could have been obtained without him, and as some of my brother’s are clearly of opinion that the juror was disqualified, lam not disposed to preclude the prisoner from another trial, and to pass sentence of death against him, on a divided court, upon a doubtful case.
I will add, that the most respectable decisions shew that a hypothetical opinion, will not disqualify a juror. Sec. 8, John. Rep. 445, Burr’s trial; and numerous other authorities. Nor will an opinion formed merely on report; 7 Cowan, 110.
I cannot acquiesce in the opinion, that, after a juror says he has formed and expressed an opinion as to the guilt or innocence of the accused, the enquiry should stop there. It is the duty of the court, in such case, to ascertain, fully, the state of the juror’s mind; and for this purpose, to question him, to ascertain whether the juror understands the question; the nature of the accusation; the object or view he had in so forming his opinion. This practice is manifest by the report of Burr’s trial, and in State trials, &c.
It is deemed proper to state, that these rules are made as well for the *322 accused as the state. We do not interrogate a juror to ascertain whether his opinion or bias is in favor of the accused or the state. He should stand indifferent as to both; and, in practice, I have nearly, as often known the objection to come from the side of the one as the other party.
E. &F. Huston For the defendant;
Gaines, Attorney General for the state.
Judge Child concurs.
Chaxx,enges of Juitoits. — 1 Cowan, 432 ; 6 do. 557, 564; 7 do. 108, 113; 2 John. 194; ldo. 316; 8 do. 445; 2 Tidd. 779,780; Bacon, title juries, (E. 5;) Bull N. P. 307; Hale’s Com. law, 138; 1 Co. Litt. 155-6; 2 Swift’s System, 232; Trial per pais, 122-8; Chaces’ trial, app. 4,19; Fries’trial, 177, app. 42; 1 Burr’s trial 43,46, 370, 371; 2 Hawk. P. C.ch.43, sec. 27, 28; 13 Mass. 221; 1 Chitty, Cr. L. 542,544; 1 Const, rep. of So. Car.289 to 321; 3Dali. 518; 7 Oranch 291.