HUMPHREY ANTHONY *vs.* INHABITANTS OF ADAMS.

County commissioners, having laid out a highway through a town, and across two channels of a stream, ordered the town to make an embankment, several rods from the highway, which should turn all the waters of the stream into one of its channels, and prevent the necessity of making more than one bridge in the highway. The town passed no vote, and did no act, on the matter ; but the selectmen caused the embankment to be made, and paid for making it, by an order on the town treasurer. *Held,* that the town was not liable to an action by the owner of land which was flooded and injured in consequence of the making of the embankment.

THE only facts, in this case, which it is necessary to prefix to the opinion of the court, are these : The county commissioners of Berkshire ordered the town of Adams to make the embankment which caused the injury alleged in the plaintiff's declaration. Said embankment was thereupon made by an individual, by direction of the selectmen of the town, who paid him therefor by an order on the town treasurer. There was no vcte or action of the town upon the matter.

*Briggs* and *Rockwell*, for the plaintiff.

*D. N. Dewey*, for the defendants.

SHAW, C. J. This is an action on the case to recover damages, for injuries to the plaintiff's lands by flowing, caused by the erection of an embankment by the agents of the defendants. It appears by the case that a highway was laid out, through the town of Adams, and that it crossed the Hoosic river, where it

divided into two branches, and in such a manner, if it passed in a direct line, as to render two bridges necessary. To avoid this necessity, an embankment was made across one of these branches, and a cut made to turn the whole of the water into the other, and thus cause it to pass through one bridge only. This embankment was erected at a distance of eight or ten rods above the road, and on land not of the plaintiff's, but above his land ; and the gravamen of the complaint is, that by the erection of this embankment, and by changing the direction of the watercourse from its natural bed, the plaintiff's lands were flooded and injured.

One question discussed was, whether an action sounding in tort would lie against a municipal corporation. We can have no doubt, that an action upon the case will lie against municipal corporations, when such corporations are in the execution of powers conferred on them, or in the performance of duties required of them by law, and their officers, servants and agents, shall perform their acts so carelessly, unskilfully or improperly, as to cause damage to others. This falls within the very general principle, that the superior or employer shall be answerable *civiliter* for the mismanagement and negligence of the agent employed by him, by which another is damnified. *Sutton* v. *Clarke*, 6 Taunt. 29. And although such action sounds in tort, to mark the distinction between this and an action upon contract ; yet the true view of considering it, is that of a legal liability to indemnify another against negligence of one for whom the law holds him responsible. It implies no wilful act, or intended wrong, and, therefore, requiring no vote or corporate act to create the liability, it may as well lie against a corporation as an individual person. We think it stands on the same footing on which it is now held, both in this country and in England, contrary to the ancient notions on that subject, that corporations may be liable on implied promises raised by law from their legal liabilities. *Gray* v. *Portland Bank*, 3 Mass. 364. *Bank of Columbia* v. *Patterson*, 7 Cranch, 299. *Clark* v. *Mayor, &c. of Washington*, 12 Wheat. 40. *Beverley* v. *Lincoln Gas Light and Coke Co.*, 6 Adolph. & Ellis, 829. But where individuals, although pro-

fessing to act under color of authority from municipal corporations, do acts which are injurious to others, if the objects and purposes which they propose to accomplish, are not within the scope of the corporate powers of towns, and not done in the execution of any corporate duty imposed upon the town by law, the town is not liable for the damages occasioned by such acts Were it otherwise, towns might be rendered responsible upon implied liabilities, in cases where they could not bind themselves, as a corporation, by an express vote of the inhabitants. For, it is now well settled that a town, in its corporate capacity, will not be bound, even by the express vote of a majority, to the performance of contracts, or other legal duties not coming within the scope of the objects and purposes for which they are incorporated. *Stetson* v. *Kempton,* 13 Mass. 272. *Norton* v. *Mansfield,* 16 Mass. 48. *Parsons* v. *Goshen,* 11 Pick. 396.

Looking at the declaration in the present case, it is not shown that the town was under any obligation, in its corporate capacity, to erect and build this highway, or that the dam complained of was a part of the highway, or that the damage complained of resulted from the negligence of the agents and officers of the town, in the performance of any corporate duty. The court are, therefore, of opinion that the action cannot be maintained. We do not, however, put this decision merely upon the form of the declaration. We are strongly inclined to the opinion that in no mode of declaring upon the facts, as we understand them, could the plaintiff recover.

We are not aware that the town would be bound, or have a right, to erect a separate and independent work, not lying within the line of the road as laid out, or adjacent to it, but wholly detached from it, although such independent embankment or other work might facilitate the building, maintenance and future repair of the highway ; nor are we aware of any authority, on the part of county commissioners, to require of towns the execution of such a work. No provision is made by law, for the estimate and payment of damages for land taken for the erection of such detached work, or for the incidental damages arising therefrom. The case is not expressly provided for, in any of the acts im-

Anthony *v.* Inhabitants of Adams.

posing on towns the duty of making and maintaining highways; and it would be carrying the doctrine of implied powers to a great length, were it held that the power is given by implication. A case may be imagined, in which it would be for the interest of a town to incur expense in executing some work not within their corporate power, in order to avoid a still heavier expense in performing their legal duty. A town might be so situated that it would be cheaper to make and maintain a canal, than to make and maintain a road, with its necessary bridges and embankments. But a town is authorized and may be required to build a road, and the act would be a corporate duty, by the performance of which the town might raise money by taxes, make contracts, employ officers and agents, for whose care, skill and fidelity they would be responsible. But a town cannot be required by law, nor have they any authority, to dig a canal; and any vote, contract, or corporate act done in reference to such a purpose, would be nugatory. A town might be so situated near the outlet of a lake or pond, where a road would be liable to be flooded and damaged by freshets, and where a very heavy expense would be required for the necessary bridges and embankments, but by cutting a canal and making a new outlet at the opposite side of the lake, at some distance, this expense might be saved. This would hardly be sufficient to raise a constructive power in the town, to undertake such distant canal, or to confer an authority on county commissioners to require it. It would lead to a latitude of construction, in regard to corporate powers and duties, which would be in a high degree dangerous. Such a case can seldom occur, and when it does, and is of sufficient importance, it is better to leave it to be provided for by a special act of the legislature, which is the source and fountain of all public authority. Such an authority may be adapted to the particular case, and limited and modified, as the circumstances of each case may require.

In the present case, the damage complained of appears to have been caused by the erection of a dam, for the building of which the town were not responsible, and therefore this action cannot be maintained. *Plaintiff nonsuit*