Shaw, C. J.
This action is brought to recover for the support of Lucy Malcomb, and the question is, whether, in right of her husband, she had a settlement in the town of Orange. It does not appear that Michael Malcomb, the husband, had any legal settlement, prior to the incorporation of Orange as a district, in 1783. At that time, he resided and had his home in *486 the territory or plantation of Ervingshire, so called, at which time that tract of land and parts of three incorporated towns were incorporated into a district, by the name of Orange; and the same inhabitants were afterwards incorporated into a town of the same name. A district then was, and still is, a municipal corporation, having all the incidents, privileges, and powers of a town, and subject to all the duties of a town, except the privilege and duty of sending a representative to the general court.
Whether Michael Malcomb gained a settlement in the district of Orange, by its incorporation, in 1783, cannot, of course, depend upon the statute of 1793, c. 34, passed afterwards. But that statute was little more than an authoritative declaration of rules which had been before established as the rules by which persons had been held to acquire settlements.
One of the principal objects of granting acts of incorporation of towns and districts was, to invest the settlers of a described territory with the immunities of town inhabitants, one of the most important of which was a right to have a support, from fellow townsmen, in case of falling into poverty.
The case of Bath v. Bowdoin, 4 Mass. 452, which turned upon the act of incorporation of Bath in 1781, recognized the distinction between the incorporation of a new town, from unincorporated territory, and that of a new town composed of a part of one or more old towns. In the former case, all persons, li\ ing on the territory at the time of incorporation, acquired a settlement in the new town. In the latter, a person being in that part of the territory which before was part of an old town, if he had no settlement in the old town, did not thereby, ipso facto acquire one in the new. The same principle is recognized in many cases. Buckfield v. Gorham, 6 Mass. 445. Westport v. Dartmouth, 10 Mass. 341. These cases turned upon acts made before 1793, and established the same rules, as the statute passed in that year, as to the effect of acts of incorporation. The incorporation of a district into a town makes no difference in the settlement of persons, either to give, or take away, or alter a settlement. Walpole v. Hopkinton, 4 *487 Pick. 357. The decision of the present case, therefore, does not depend upon the effect of incorporating the district of Orange into a town in 1810, but upon that of the incorporation of the district in 1783.
The case at bar is one where the new district was composed pardy of portions of old towns, and partly of unincorporated territory. In such case, we think all those who lived in that, part of the new district which consisted of old towns, acquired a settlement in the new district, if they previously had a settlement in either of those old towns, and otherwise not; but that áll those who lived in that part of the new district, which previously consisted of unincorporated territory, at the time of the incorporation, ipso facto acquired a settlement in the new district. Perhaps there is no case precisely in point, but we think it results from rules and principles well settled. The consequence is, that Michael Malcomb, being an inhabitant of the unincorporated territory embraced by the act incorporating the district of Orange,,acquired a settlement therein, which was extended to the pauper by her marriage with him, and which, on the incorporation of the same district into a town, became a settlement in that town.

Defendants defaulted.