## THE STATE OF IOWA;

IOWA CITY, JUNE TERM, A. D. 1855,

In the ninth year of the State.

---

PRESENT:

HON. GEORGE G. WRIGHT, CHIEF JUSTICE.
" NORMAN W. ISBELL, ⎱ JUDGES.
" WM. G. WOODWARD, ⎰

---

## LATTERETT v. COOK.

It is not the evidence in a cause that the plaintiff is to attach to his petition, but a copy of the instrument or account on which he brings his suit.

In an action on a judgment rendered in another state, where a transcript of the judgment, consisting of a declaration in assumpsit and the judgment rendered thereon, was filed with the petition, the plaintiff, on the trial of the cause, is not precluded from offering in evidence a fuller transcript, containing, in addition to the declaration and judgment, a copy of the original writ and service thereon, to sustain the issue on his part.

For the purposes contemplated by section 1750 of the Code, which provides that, when a pleading is founded upon a written instrument or account, a copy thereof must be annexed to such pleading," a record attached to the petition, showing the cause of action and judgment rendered thereon, is sufficient.

The subsequent transcript did not contradict or supply any defect in the first record, so far as to change it, or to make it another and different cause of

action, but was only a more complete transcript, for the purposes of proof of the same record and proceeding.

Where the judge's certificate to the transcript of a judgment of another state, is signed "A. B. *a* presiding judge," or "C. D. *one* of the judges," &c., it is sufficient under section 2348 of the Code, which provides "that the judicial records of a sister state may be proved by the attestation of the clerk and the seal of the court annexed, together with a certificate of *a* judge, chief justice or presiding magistrate, that the attestation is in due form of law."

The method prescribed by the act of Congress of May 26, 1790, in relation to the authentication of the public acts, records and judicial proceedings in each state, is not exclusive of any that the state may adopt with reference to such authentications in its own courts.

Where the record of a judgment in one state shows that a summons was issued under the seal of the court, and returned by the officer, "*served*," to which return he signs his name, and it appears he was the sheriff of the county, and there is no evidence offered by the defendant, to show its incorrectness or contradict it, the courts of another state, cannot inquire into the sufficiency of such return.

Whether that return was sufficient evidence of service under the laws of the state where the judgment was rendered, was a question that might be revised by the appellate court of such state, merely upon the record, but not by the courts of another state, without further or other proof.

Pleas in bar of suits commenced on judgments rendered by the courts of a sister state, must deny, by clear and positive averments, every fact which would go to show jurisdiction, whether with reference to the person or the subject matter of the suit; and where there is no denial in the court below of the jurisdiction of the court by which the judgment was rendered, over the subject matter of the suit, the objection cannot for the first time be raised in the Supreme Court.

The statutes of another state cannot be proved by the deposition of a witness.

Under section 2443 of the Code, such statutes are proved by producing printed copies, or written copies, duly authenticated under the seal of the state, as contemplated by the act of Congress of May 26, 1790.

Although the court below erred in admitting improper testimony, the Supreme Court will not disturb the judgment, where it is apparent that such testimony worked no prejudice to the party complaining.

### *Appeal from the Dubuque District Court.*

THIS suit was commenced by Latterett against Cook, on a judgment rendered in the inferior court of Common Pleas of Essex county, state of New Jersey, in April, 1837. Judgment was rendered in favor of the plaintiff, and the defendant appeals to this court. The material facts will sufficiently appear from the opinion of the court.

*L. A. Thomas*, for appellant, contended :·

1. That the transcripts set forth in the record are not duly authenticated by the judge's certifying the same.   4 Cow. & Hill's Notes to Phil. on Ev. 322.   2. That the transcript·of judgment attached to petition, is not made out in accordance with the local law.   Stat. of New Jersey, 940, §§ 77 and 78 ; 4 Cow. & Hill's Notes to Phil. on Ev. 126, 137.   3. The record does not show affirmatively, upon its face, that the court had jurisdiction of the person of appellant.   It must show that fact, if it be a court of limited jurisdiction.   *Hessee et al.* v. *Cole*, 3 Zabriskie, 116 ; *Shumway* v. *Stillman*, 6 Wend. 453.   4. The inferior court of Essex county, New Jersey, is a court of limited jurisdiction.   Cont. of New Jesey, 1776, § 12 ; Const. 1844, art. 6, Judiciary, § 1 ; *Hessee* v. *Cole*, 3 Zabriskie, 117 : 3 Harrison, 73.   5. The certified transcript of certain papers cannot be given in evidence.   6. That the inferior court of Essex county, New Jersey, had no jurisdiction over the subject matter of said judgment.   7. That no evidence can be received tending to prove that the judgment set forth in the petition is valid, independent of itself.   3 Cow. & Hill's Notes to Phil. on Ev. 1072 ; 3 Black. Com. 24 ; *Patterson* v. *State of Indiana*, 2 G. Greene, 492.   8. That the deposition of Webster was improperly admitted in evidence.

*Smith, McKinlay and Poor*, for appellee, argued :

1. The judge's certificate must be according to the laws and forms of the state of New Jersey, and that is the true meaning of the act of Congress.   4 Cow. & Hill's Notes to Phil. on Ev. 324.   2. The clerk's certificate need not show that the copy is the whole record.   4 Ib. 322.   And the record may be on different sheets of paper.   4 Ib. 318.   3. All presumptions are in favor of the records of the Common Pleas ; 3 Zabriskie, 116 ; 3 Harrison, 78.

WRIGHT, C. J.—The objections urged against the correctness of the judgment below, are quite numerous, and without specifying each in detail, we shall consider them in such

connection as will best conduce to a clear understanding of the points decided.

At the time the petition was filed, plaintiff accompanied it with what purported to be a transcript of the judgment sued on. This consisted of a declaration in assumpsit and the judgment thereon, being against defendant and in favor of plaintiff. The authentication of this record we shall refer to hereafter. On the trial of the cause, it appears that said transcript, so attached to plaintiff's petition, was introduced in evidence, as also a further or amended transcript, which, in addition to the declaration and judgment, contained in the first, also contained a copy of the original writ or summons, and the service thereon. To the introduction of the second transcript defendant objected, for the reason that the first imported absolute verity on its face; and that no amended transcript could be introduced to supply any omissions or defects of the first—also, because it was not a transcript of the whole record, but only a portion thereof.

We think these objections were correctly overruled. While the first transcript did import verity, it did not import to be all the record. Though it was certified to be a true transcript of the declaration and judgment, it did not profess to contain the whole truth of the record. The second contained the same judgment—the same declaration—and in addition thereto, copies of the original writ and service. It is not the evidence in the case that the plaintiff is to attach to his petition, but a copy of the instrument or account on which he brings his suit. The object is, to give the defendant notice of the cause of action, and not to give him the evidence to sustain it. Suppose the plaintiff had filed a copy of the judgment sued on, and had afterwards obtained and introduced a transcript of the declaration, writ, service, judgment, and everything else that might be of file in the particular case. What rule should exclude it? We are aware of none, nor do we see how such a rule could be sustained by any fair and legitimate reasoning. The obtaining of a perfect transcript of the entire record after suit brought, does not make the judgment sued on any less a

verity than if obtained before. For the purposes contemplated by section 1750 of the Code, the record attached to this petition was sufficient. The subsequent transcript did not, nor was it designed to supply any defects in that record, so far as to change it, or to make it another and different cause of action; but was only a more complete transcript of the same record and proceeding. Neither are we aware that it was necessarily incumbent on the plaintiff to obtain a transcript of the whole record; or, if it was, that it should all be in one transcript. He might have contented himself with introducing the last record, but he appears to have introduced both, and we see no reason for excluding the second. It was only necessary for the court to be satisfied with the verity of the record; and, if so satisfied, it has ever been held that it may be admitted, though the copy was on three distinct sheets of paper. 2 Wheel. Cr. Cas. 326, 328; 4 Cowen & Hill's Evidence, 322.

It was next objected that neither of the transcripts were admissible, by reason of defects in the certificates of the judge. One transcript purports to have the certificate of " Stephen R. Haines, *a* presiding judge," and the other, that of " Zenas S. Crane, *one* of the judges," &c. The objection is, that neither of these certificates appear to be signed and executed by *the* judge, chief justice, &c., as provided by the law of Congress on this subject. Without pretending to determine the sufficiency of these certificates under the act of May 26, 1790, we think they were sufficient under section 2348 of the Code. This section provides, " that the judicial records of a sister state, may be proved by the attestation of the clerk and the seal of the court annexed, together with a certificate of a judge, chief justice or presiding magistrate, that the attestation is in due form of law." This section merely regulates the admission of evidence, and we see no reason why it is not entirely competent for the legislature to control this matter as evidence within our own limits and in our own courts. The first certificate is signed by *a* presiding judge, and the second by " *one* of the judges," and inasmuch as the first uses the exact language of our

law, and, as far as relates to the second, the officer could not be *one* of the judges, without being *a* judge, we think this objection was not well taken. The method prescribed by Congress is not exclusive of any that the states may adopt with reference to such authentication in their own courts. See 1 Greenleaf Ev. §§ 489, 505, and cases cited in the last section.

It is further urged against the correctness of this judgment, that the record which was introduced in evidence and relied upon, does not show that the court rendering the judgment sued on, had jurisdiction of the person of the defendant, or subject matter of the suit.

So far as relates to the question of jurisdiction over the person, the record shows that a summons was issued in the case, under the seal of the inferior court of Essex county, New Jersey, and returned by the officer "*served*," to which he signs his name, and it appears that he was the sheriff of the county. Can our courts inquire into the sufficiency of that return, where there is no evidence offered by the defendant, by the statutes of New Jersey or otherwise, to show its incorrectness or contradict it? We think they cannot. Whether that return was sufficient evidence of service under the laws of the state where the judgment was rendered, was a question that might be raised by the appellate court of such state, but not here, merely upon the record, without further or other proof. We are not prepared to say, that a judgment rendered against a defendant upon such a return would be void or a nullity. The court rendering the judgment appears to have determined that there was such personal service as to authorize it to proceed to the rendition of a judgment, and until such cause was revised by the proper appellate court, we see no good reason against presuming at least in favor of the jurisdiction of the court over the person of the defendant, where no proof to the contrary is introduced. The case of *Wilson* v. *Jackson, Adm'r*, 10 Mis. 329, was in many respects very similar to this. In that case, the transcript showed that the writ had been returned by the sheriff "*executed.*" In a suit on such

judgment rendered against the defendant in Virginia, the Supreme Court of Missouri held, that the judgment of a sister state is *prima facie* evidence of jurisdiction of the person, where the writ was returned "executed," though the writ may be informal. See also, as to the manner of taking advantage of a judgment rendered upon an imperfect return, 6 Pick. 232. Did this record show affirmatively that the writ was returned not found, it would present an entirely different question. On the contrary, in addition to the return above referred to, the judgment itself recites that it was rendered on the day on which the defendant had been held to answer. The cases in 2 Blackford, 82 and 108, will be found to be cases where there was no service, and the record disclosed that fact. They, therefore, have no fair analogy to the case at bar.

We next consider the question of jurisdiction over the subject matter, which has been raised here in the argument, as to courts of superior and inferior, special and limited jurisdiction, and the presumptions that do and do not arise in favor of the same. An examination of the doctrines that obtain on this subject becomes entirely unnecessary in this case. It appears that the defendant, in his answer, set up two defences—one denying the existence of any such record, and the other alleging that he never was served with process in the original proceeding, and averring generally that the court in New Jersey had not jurisdiction of his person. There is no defence, answer or plea, urging or pretending that the court in New Jersey had not jurisdiction of the subject matter. Having made no such issue in the court below, he cannot now urge it in this court. It was his duty to have raised the question of jurisdiction as to the subject matter in the court below, so that plaintiff, if it was necessary, could have introduced other testimony, by the statutes of New Jersey or otherwise, to show such jurisdiction. We do not intimate an opinion as to the necessity of such proof outside of the record, even if such defence had been pleaded; but hold that pleas in bar of suits commenced on such judgments, must deny, by clear and positive averments, every

fact which would go to show jurisdiction, whether with reference to the person or the subject matter. And this, we think, is clear from the reason of the thing, as well as from authority. 2 Kent, 261; 1 Hall, 155; Code, 1742.

The last question relates to the admission of the testimony of one Webster. It appears that the plaintiff introduced the deposition of this witness for the purpose of proving the statutes of New Jersey, or so much thereof as related to, the manner of service of process and the return thereof. We think this testimony was inadmissible. Our Code, section 2443, provides for the manner of proving such statutes. This is done by producing printed copies. While this would not exclude other methods of proof, such as producing copies duly authenticated under the seal of the state, as contemplated by the act of Congress, yet we do not think that the method resorted to in this case was correct. The written law or statutes of another state cannot be so proved. We refer on this subject to 1 Greenleaf, 189; 4 Phil. Ev. (Cow. & Hill's notes) 329–32; *Robinson* v. *Clifford*, 2 Wash. C. C. 1; *Kenny* v. *Clarkson et al.*, 1 Johns. 385; 4 Wash. C. C. 531. We have, however, shown herein that the transcript, including the writ and the return, was properly admissible without reference to this testimony. No evidence appears to have been introduced *aliunde* to impeach its verity or conclusiveness. This testimony was, therefore, entirely immaterial, and could not make more perfect the plaintiff's right to recover. Without reference to it the judgment is correct, and should have been rendered, as it was, on the transcript alone. Under such circumstances, this court would not disturb the judgment below. We understand this rule to be well settled. See *Wilkerson* v. *Daniels*, 1 G. Greene, 179. Also, as to this point, and questions much analogous—as where it is apparent that no prejudice was worked to the party complaining—see *Borby* v. *Chesapeake Ins. Co.*, 3 Gill & Johns. 450; *Overby* v. *Paine*, 3 J. J. Marsh. 717; *Smith* v. *Rencastle*, 3 Halst. 357; *Billisime* v. *McCoy*, 1 Mis. 318; *Breckfold* v. *Gosham*, 6 Mass. 445; *Pate* v. *Spots*, 6 Munf. 394; *Hemmenway* v. *Hickes*, 4

Pick. 497; *Miller* v. *Starks*, 13 Johns. 517; *Hunter* v. *Jones*, 6 Rand. 541; *Reed* v. *McGrew*, 5 Ham. 375; *Philips* v. *Jordan*, 3 Stewart, 38; *Fauleon* v. *Haines*, 2 H. & M. 550; *State* v. *Beeman*, 5 Blackf. 222.

Having thus disposed of the various points urged by the appellant, we are brought to the conclusion that this judgment must be affirmed.

Judgment affirmed.